UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Patricia M. Robinson,

    Plaintiff,

v.                                            Case No. 20-12117

Commissioner of Social Security,                Sean F. Cox
                                                                  United States District Court Judge

    Defendant.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff Patricia M. Robinson ("Plaintiff") filed her Complaint requesting judicial review of Administrative Law Judge ("ALJ") Nicole Quandt's opinion, which denied Plaintiff a period of disability and disability insurance benefits. (ECF No. 1).

Plaintiff filed a Motion for Summary Judgment on April 5, 2021. (ECF No. 19). Defendant Commissioner of Social Security ("Defendant") filed a Motion for Summary Judgment on June 1, 2021. (ECF No. 23).

The Court referred all non-dispositive motions – including both motions for summary judgment – to Magistrate Judge Curtis Ivy Jr. pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 25).

On January 18, 2022, Judge Ivy issued a Report and Recommendation ("R&R"), wherein he recommended that the Court (1) deny Plaintiff's motion, (2) grant Defendant's motion for summary judgment, and (3) affirm the Commissioner's decision. (ECF No. 26).

Under FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen days after being served

1

with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On February 1, 2022, Plaintiff filed timely objections to Judge Ivy's January 18, 2022 R&R (ECF No. 27). Defendant responded to Plaintiff's objections. (ECF No. 28).

For the reasons described below, the Court shall **OVERRULE** Plaintiff's objections (ECF No. 27) and **ADOPT** Judge Ivy's January 18, 2022 R&R (ECF No. 26).

## ANALYSIS

Plaintiff raises two objections to the proposed R&R. (ECF No. 27, at PageID 698,703). The Court shall address each in turn.

### I.     Substantial Evidence

First, Plaintiff objects to Judge Ivy's proposal that the ALJ "properly found that [Plaintiff] could frequently handle and finger – despite no meaningful discussion of key evidence showing hand function deficits." (ECF No. 27, at PageID 698). Here, Plaintiff essentially makes the same argument she made in her motion for summary judgment: that the ALJ failed to properly analyze the evidence relevant to her carpal tunnel syndrome. (ECF No. 27, at PageID 699).

In her objection, Plaintiff also asserts that Judge Ivy imposed an improper standard while reviewing the ALJ's decision when he stated that the ALJ was not required to assess "every piece of evidence in the record to signify she considered it." (ECF No. 27, at PageID 699). Plaintiff contends that an ALJ's decision must consider and discuss evidence contrary to its decision, an ALJ is not permitted to "ignore evidence that does not support [her] decision." (ECF No. 27, at PageID 699-700). Plaintiff further argues that the ALJ's decision does not reflect consideration of

2

the objective tests administered by Dr. Young, and specifically, that the ALJ "needed to address the medical findings at issue and either properly reject them or indicate how they were accounted for by the RFC." (ECF No. 27, at PageID 702). Plaintiff argues that the ALJ ignored significant evidence that supports the Plaintiff's claim of disability, citing *Gentry v. Comm'r of Social Sec.*, 741 F.3d 708 (6th Cir. 2014). (ECF No. 27 at PageID 701).

Plaintiff's first objection is without merit. The ALJ is required to assess the persuasiveness of medical opinions, but not objective medical evidence. 20 C.F.R. § 404.1520(c). Under the Social Security Act, "medical opinions" are "statement[s] from a medical source about what you can still do despite your impairment(s)." 20 C.F.R. § 404.1513(a)(2). Whereas "objective medical evidence" is "medical signs, laboratory findings, or both." 20 C.F.R. § 404.1513(a)(1). Therefore, the ALJ was under no requirement to assess the persuasiveness of objective test results by Dr. Young because they do not qualify as medical opinions within the Social Security Act. *See* 20 C.F.R. § 404.1520(c).

Plaintiff's objection also fails because the ALJ is under no obligation to specifically cite to each piece of evidence that it considered in its decision. *Newsome v. Comm'r of Soc. Sec.*, 2019 W: 7484048, at *10 (N.D. Ohio Dec. 5, 2019) (holding that an ALJ is not required to incorporate all information relied upon "into a single tidy paragraph"). An ALJ must cite substantial evidence to support her decision but need not cite every piece of evidence in the record to show it was considered. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th. Cir. 2006); *Van Der Maas v. Comm'r of Soc Sec.,* 198 F. App'x 521, 526 (6th. Cir. 2006) ("Even though the ALJ did not discuss (or maybe even consider) every piece of medical evidence relevant to [the claimant's impairment], the evidence that she did consider was substantial."). "If an ALJ's decision is

3

supported by substantial evidence, the Court must accept the finding, even if substantial evidence would support a different finding as well." *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 798 (E.D. Mich. 2013). When a "reasonable mind might accept [the evidence] as adequate to support" an adverse-credibility determination, substantial evidence exists to support an ALJ finding. *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433 (6th Cir. 2012). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion*." Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Here, the record reflects that the ALJ did consider the objective test results of Dr. Young, although she was not required to cite it to demonstrate that she considered it.

Plaintiff attempts to analogize this case to *Gentry v. Comm'r of Social Sec.*, suggesting that Judge Ivy is permitting the ALJ to "ignore significant evidence that supports Plaintiff's allegations." (ECF. No. 27, PageID.701). This argument is not persuasive. In *Gentry*, the court concluded that the ALJ had "reject[ed][the claimant's] statements about the intensity and persistence of pain" and erroneously concluded, contradictory to objective medical evidence, that "[the plaintiff's] impairments had been sufficiently resolved." *Gentry*, 741 F.3d at 726. That is not the case here. The ALJ did not reject Plaintiff's credibility, nor did she claim that the impairments have been sufficiently resolved despite contradictory medical evidence. Rather, the ALJ acknowledged the medical tests of Dr. Young and cited substantial evidence in support of her decision. (ECF No. 14, at PageID 63). The ALJ engaged in discussion of record evidence that both supported and conflicted with Plaintiff's allegations. (ECF No. 14, at PageID 63). Although the ALJ stated Plaintiff's statements were "not entirely consistent with the medical evidence and other

4

evidence in the record," this does not rise to the *Gentry* level of rejecting Plaintiff's credibility in light of contradictory medical evidence. (ECF No. 14, at PageID 63).

Therefore, the Court OVERRULES Plaintiff's first objection.

**II.     Claimant Credibility**

Second, Plaintiff objects to Judge Ivy's proposal that the ALJ properly assessed her credibility. (ECF No. 27, at PageID 703). Plaintiff argues that Judge Ivy applied an incorrect standard to his review of Plaintiff's credibility by stating that "an ALJ's findings based on the credibility of the claimant are given great weight and deference." (ECF No. 27, at PageID 703, citing ECF No. 26, at PageID 679). Plaintiff argues that this standard, which was set by the Sixth Circuit in *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007), was made "obsolete" by *Social Security Ruling 16-3P Titles II and XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P, 2017 WL 5180304 (S.S.A. Oct. 25, 2017) ("SSR 16-3P").

Plaintiff incorrectly interprets SSR 16-3P. Instead, SSR 16-3P eliminated the term "credibility" from official Social Security policy and was intended to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3P at *2. This "does not change the precedent establishing that an ALJ's determination is entitled to great deference in his credibility determination, given his responsibility to observe and assess . . . demeanor and credibility." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4969353, at *3 (E.D. Mich. July 31, 2017) (rec. dec. *adopted* Sept. 28, 2017). As explicitly stated in SSR 16-3P, an ALJ may "consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." SSR 16-3P at *7.

Here, Judge Ivy applied the correct standard of "great deference" to an ALJ's credibility determination. Judge Ivy also noted that despite this deference, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Then Judge Ivy proceeded to review the evidence considered by the ALJ. (ECF No. 26, at PageID 681-685). Upon review of the ALJ's decision, the Court agrees with Judge Ivy's conclusion that the ALJ's assessment of Plaintiff's credibility was supported by substantial evidence.

Therefore, the Court OVERRULES Plaintiff's second objection.

## CONCLUSION

For these reasons, the Court agrees with the analysis and conclusion of the R&R. Accordingly, the Court **OVERRULES** Plaintiff's objection (ECF No. 27) and **ADOPTS** Magistrate Judge Ivy's January 1, 2022, Report and Recommendation (ECF No. 26).

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 8, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2022, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager

6